[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S APPLICATION TO DISCHARGE NOTICE OF LIS PENDENS
By writ of summons and complaint returnable August 13, 2002, Drew Friedman and Nicholas Visconti, herein after referred to as the Respondents, commenced an action against Irwin Donenfeld, herein after referred to as the Applicant, for money damages and other equitable relief, including but not limited to, specific performance of an agreement for the sale of certain real property known as 609 Riverside Avenue in the Town of Westport (Deft. Ex. G).
In their suit, the Respondents also seek a decree vesting in themselves title to said real property as well as an injunction restraining the Applicant from conveying, encumbering or in any manner disposing of said property.
As part of that suit, the Respondents also caused to be recorded a Notice of Lis Pendens affecting said property (Deft. Ex. H).
The Applicant thereafter commenced this action seeking, inter alia, a decree discharging said Notice of Lis Pendens.
The parties appeared before this court and were heard in regard to the application to discharge the Notice of Lis Pendens. The court reserved decision.
The Applicant has argued that the Respondents are not entitled to relief in the form of specific performance as part of their civil suit and, for that reason, they have no right to enjoin the Applicant from disposing of the property and have no right to encumber his property with a Notice of Lis Pendens.
The basis for the Applicant's claim is that, despite having engaged in CT Page 13734 negotiations for the purchase of the property by the Respondents, the parties never came to a meeting of the minds on all essential terms of the transaction.
The Applicant maintains that the true intent of the parties at the time of their negotiations, on or about April 16, 2002, was to enter into a formal and binding contract for the sale of the property at some later
date and that the agreement for sale was conditioned upon the execution of a formal contract at such later date.
The respondents claim that the execution of a formal contract at some later date was not a condition precedent to their April agreement which did involve a signed instrument and the payment by the Respondents to the Applicant of a "deposit" in the amount of $500.00 (Deft. Ex. A).
When the Applicant subsequently tendered a contract to the Respondents, it contained terms and conditions which the Respondents considered to be inconsistent with their initial agreement. (Deft. Ex. B). It was returned to the Applicant unsigned.
The parties never did agree on the subsequent contract and the Applicant returned to the Respondents their initial "deposit" of $500.00 and a partial payment of $24,500.00 which the Respondents had tendered. (Deft. Ex. E and Deft. Ex. D, respectively).
The Applicant also cited as an impediment to the sale to the Respondents a "right of first refusal" to the property which he reportedly had extended to a third party prior to his original negotiations with the Respondents, but which he had "forgotten" to mention to them at the time of the initial transaction.
Sections 52-325, et seq., General Statutes govern Notice of Lis Pendens, including applications for discharge and the burden of proof at hearing. Sec. 52-325b (a) provides, in relevant part, that the plaintiff who caused a lis pendens to be recorded is required to establish that there is probable cause to sustain the validity of his claim. Sec.52-325b (b)(1) provides that the court may deny the application to discharge if (A) probable cause to sustain the validity of the claim is established.
Having heard the evidence and testimony of the parties, the court finds that the Respondents have established probable cause to sustain the minimum requirements of a binding contract for the sale of real property and, further, that the failure to enter into a more formal subsequent contract for sale was, to a great extent, the fault of the Applicant. CT Page 13735 Whether or not the Applicant breached a contract for sale of the property as alleged by the Respondents in their complaint is a matter to be determined at trial.
"A buyer seeking specific performance must prove that he was "ready, willing and able' to purchase the property. DiBella v. Widlitz,207 Conn. 194, 200 (1988). Whether a buyer has the requisite financial ability is a question of fact. Steiner v. Bran Park Associates,216 Conn. 419, 423-24 (1990).
In contrast to the decision in Frumento v. Mezzanote, 192 Conn. 606,616 (1984), wherein the Supreme Court held that the buyer had the burden of proving that he was "ready, willing and able at all times to purchase the property", in the DiBella and Steiner cases the Supreme Court did not include the temporal requirement "at all times" in the standard for specific performance. Should the Respondents meet that burden at the time of trial, the court would have broad discretion to determine whether specific performance of a contract to sell land should be granted as an equitable remedy for breach of contract.
For the foregoing reasons, the application for the discharge of Notice of Lis Pendens is hereby denied.
By Court,
Joseph W. Doherty, Judge CT Page 13736